# Ginarte Gallardo González Winograd L.L.P.

JOSEPH A. GINARTE*
MICHAEL A. GALLARDO ◻
RICHARD M. WINOGRAD v◻
MANUEL GONZALEZ ▲
MARK MAURER ◻
LEWIS ROSENBERG ◊ 3
STEVEN R. PAYNE ◻ ○
JOHN J. RATKOWITZ ▲ 3
PATRICK M. QUINN +
JOSEPH A. REARDON III ▲
ROBERT YODOWITZ +
JAMES P. KRUPKA ▲
TIMOTHY NORTON +
MICHAEL L. EDELMAN ◻
NICHOLAS BLATTI +
ROBERT C. SANFILIPPO ◻
CHRISTOPHER IAVARONE ▲
DANIEL L. MAISEL ▲
ALAN T. GRENING ▸
BRADLEY R. LAWRENCE ◻
JOEL M. CELSO •
PAUL D. FILE *
ADAM P. SCALICE ◻
ROBERT J. CIAMPAGLIO, JR. ▲
JONATHAN SAKS +
SEAN T. PAYNE ◻

ATTORNEYS AT LAW
GINARTE PROFESSIONAL BUILDING
400 MARKET STREET
NEWARK, NJ 07105

**Direct Dial**
(973) 854-8401
FAX: (973) 585-2646

WWW.GINARTE.COM
Ginarte ® is a registered trademark in the U.S. Patent and Trademark Office

July 2, 2021

NEWARK
NEW YORK
UNION CITY
ELIZABETH
CLIFTON
PERTH AMBOY
QUEENS
NEW BRUNSWICK

v CERTIFIED CIVIL TRIAL ATTORNEY
3 OF COUNSEL
+ ADMITTED TO NY
◻ ADMITTED TO NJ & NY
* ADMITTED TO NJ, NY & DC
◊ ADMITTED TO NY & MA
▲ ADMITTED TO NJ
○ ADMITTED TO CALIFORNIA
▸ ADMITTED TO NJ & PA
• ADMITTED TO NY & MD
♦ ADMITTED TO NJ, NY & CT

ROGER GUARDA, CLAIMS MGR.

EDELMAN & EDELMAN 3
JOSEPH P. CARFORA 3
DARREN T. SUELTO 3

**Via Hand Delivery, Regular Mail and Certified Mail RRR**
Melissa & Doug, LLC
1203 S. River Rd
Cranbury, NJ 08512

Re: **David Aguilar Justin vs Melissa & Doug, LLC, et al.**
Docket No.: MID-L-3595-21
Our File No.: 262485

Dear Sir/Madam:

Pursuant to the provisions of R. 4:4-4 of the Rules Governing the Court of the State of New Jersey the undersigned attorneys for the plaintiff, **Justin David Aguilar, an infant by his guardian ad litem, Noriberta Cruz, individually**, serve upon you herewith the Summons and Complaint in the above captioned matter.

R. 4:6-1 requires you to file an answer or other response pleading with the Clerk of the Superior Court of New Jersey within 35 days after service of the enclosed summons and complaint in order to avoid the entry of default.

Permit us to respectfully suggest that you immediately turn over a copy of this letter together with the enclosed summons and complaint to your insurance carrier listed below immediately.

If you have any questions, please do not hesitate to call or write.

Very truly yours,
GINARTE, GALLARDO,
GONZALEZ & WINOGRAD, LLP

By: /s/ Joseph A. Reardon
JOSEPH A. REARDON III, ESQ.

JAR/kz
Enclosure

GINARTE, GALLARDO, GONZALEZ, & WINOGRAD, L.L.P.
ATTORNEY ID# 001591985
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973) 854-8404
OUR FILE NO.: 262485
ATTORNEYS FOR PLAINTIFF

| | |
|---|---|
| JUSTIN DAVID AGUILAR, an infant by his guardian ad litem, NORIBERTA CRUZ, and NORIBERTA CRUZ, individually,<br><br>Plaintiff,<br><br>vs.<br><br>MELISSA & DOUG, LLC, LYNEER STAFFING SOLUTIONS, LLC; JOHN DOE # 1-10; ABC CORP # 1-10<br><br>Defendants. | : SUPERIOR COURT OF NEW JERSEY<br>: LAW DIVISION: MIDDLESEX COUNTY<br>:<br>:<br>: DOCKET NO.: ESX-L-3511-17<br>:<br>: **CIVIL ACTION**<br>:<br>: **SUMMONS**<br>: |

THE STATE OF NEW JERSEY, TO THE ABOVE NAMED DEFENDANT(S):

**Melissa & Doug, LLC,**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summon, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.) If the complaint is one for foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to Treasurer, State of New Jersey, and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appears above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages, or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services is available in the Civil Division Management office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

DATED: **July 2, 2021**           /s/ *Michelle M. Smith*

                                             Michelle M. Smith, Superior Court Clerk

(Page 3 of 15)
Case 3:24-cv-06703-RK-JBD   Document 1-2   Filed 06/05/24   Page 3 of 15 PageID: 18

Name of defendant to be served:  Melissa & Doug, LLC
Address to be served: 1203 S. River Rd
Cranbury, NJ 08512

*$175.00 FOR CHANCERY DIVISION CASES OR $175.00 FOR LAW DIVISION CASES

## DEPUTY CLERKS' ADDRESSES

Atlantic County, 1201 Bacharach Blvd., Atlantic City, NJ 08830
Bergen County Justice Center, 10 Main St., Hackensack, NJ 07601
Burlington County Courts Facility, 49 Rancocas Rd., Mt. Holly, NJ 08060
Camden County Hall of Justice, 101 S. 5th St., Camden, NJ 08103-4001
Cape May County Cthse., Main St., Cape May Court House, NJ 08210
Cumberland County Court House, Broad & Fayette St., Bridgeton, NJ 08302
Essex County Cty. Cts. Bldg., 50 W. Market St., Newark, NJ 07102
Gloucester County Court House, 1 N. Broad St., Woodbury, NJ 08096
Hudson County Admin. Bldg., 595 Newark Ave., Jersey City, NJ 07306
Hunterton County Court House, Main Street, Flemington, NJ 08822
Mercer County Court House, P.O. Box 8068, Trenton, NJ 08650-0068
Middlesex County Court House, 1 Kennedy Sq., New Brunswick, NJ 08903
Monmouth County Court House, 71 Monument Park, Freehold, NJ 07728
Morris County Court House, P.O. Box 900, Morristown, NJ 07963-0900
Ocean County Court House, 118 Washington St., Toms River, NJ 08754
Passaic County Court House, 77 Hamilton St., Paterson, NJ 07505-2017
Salem County Court House, 92 Market St., Salem, NJ 08079
Somerset County Court House, P.O. Box 3000, Somerville, NJ 08876-1262
Sussex County Court House, 43-47 High St., Newton, NJ 07860
Union County Court House, 2 Broad St., Elizabeth, NJ 07207
Warren County Courthouse, 2nd & Hardwick St., Belvidere, NJ 07823

|  | LEGAL AID OFFICES | LEGAL SERVICES OFFICES |
|---|---|---|
| Atlantic County | (609) 348-4200 | (609) 345-3444 |
| Bergen County | (201) 487-2166 | (201) 488-0044 or 692-1011 |
| Burlington County | (609) 261-1088 | (609) 261-4862 |
| Camden County | (609) 964-1002 | (609) 964-4520 |
| Cape May County | (609) 465-3001 | (609) 463-0313 |
| Cumberland County | (609) 692-2400 | (609) 692-6207 |
| Essex County | (973) 622-1514 | (973) 622-6207 |
| Gloucester County | (609) 848-5360 | (609) 848-4589 |
| Hudson County | (201) 792-6363 | (201) 798-2727 |
| Hunterdon County | (908) 782-7979 | (908) 735-2611 |
| Mercer County | (609) 695-6249 | (609) 890-6200 |
| Middlesex County | (609) 249-7600 | (609) 828-0053 |
| Monmouth County | (908) 747-7400 | (908) 431-5544 |
| Morris County | (201) 285-6911 | (201) 267-5882 |
| Ocean County | (908) 341-2727 | (908) 240-3666 |
| Passaic County | (201) 345-7171 | (201) 278-9223 |
| Salem County | (609) 451-0003 | (908) 678-8363 |
| Somerset County | (908) 231-0840 | (908) 685-2323 |
| Sussex County | (201) 383-7400 | (201) 267-5882 |
| Union County | (908) 527-4769 | (908) 353-4715 |
| Warren County | (908) 475-2010 | (908) 267-5882 |

MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK     NJ 08903-2633

TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM

                        DATE:   JUNE 16, 2021
                        RE:     DAVID AGUILAR JUSTIN   VS MELISSA & DOUG, LLC
                        DOCKET: MID L -003595 21

    THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

    DISCOVERY IS  300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

    THE PRETRIAL JUDGE ASSIGNED IS:  HON THOMAS D. MCCLOSKEY

    IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    004
AT:   (732) 645-4300 EXT 88905.

    IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
    PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                    ATT: JOSEPH A. REARDON
                                    GINARTE GALLARDO GONZALEZ WINO
                                    400 MARKET ST
                                    NEWARK          NJ 07105

ECOURTS

JOSEPH A. REARDON III, ESQ. 033321988
GINARTE, GALLARDO, GONZALEZ & WINOGRAD, LLP
400 MARKET STREET
NEWARK, NEW JERSEY 07105
(973)854-8400
File No.: 262485
Attorneys for Plaintiffs JUSTIN DAVID AGUILAR, an infant by his guardian ad litem, NORIBERTA CRUZ.

| | |
|---|---|
| JUSTIN DAVID AGUILAR, an infant by his guardian ad litem, NORIBERTA CRUZ, and NORIBERTA CRUZ, individually, <br><br> Plaintiff, <br><br> vs. <br><br> MELISSA & DOUG, LLC, LYNEER STAFFING SOLUTIONS, LLC; JOHN DOE # 1-10; ABC CORP # 1-10 <br><br> Defendants. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION: MIDDLESEX COUNTY <br> DOCKET NO.: MID-L- <br><br> **CIVIL ACTION** <br><br> COMPLAINT, JURY DEMAND, DEMAND FOR PRODUCTION OF DOCUMENTS, DEMAND FOR INSURANCE INFORMATION, DEMAND FOR ENTRY UPON PREMISES, DEMAND FOR FORM C AND SUPPLEMENTAL INTERROGATORIES |

Plaintiff, JUSTIN DAVID AGUILAR, an infant by his guardian ad litem, NORIBERTA CRUZ, and NORIBERTA CRUZ, individually, residing at 152 Redmond Street, New Brunswick, New Jersey by way of Complaint against the defendants, states the following:

### FIRST COUNT

1. The Plaintiff, NORIBERTA CRUZ, is the parent/guardian of the infant plaintiff, JUSTIN DAVID AGUILAR, and does not have any interest contrary to that of the infant in this case, and has consented to act as Guardian ad Litem.

2. On or about October 15, 2020, infant plaintiff, JUSTIN DAVID AGUILAR, was an employee of Defendant, LYNEER STAFFING SOLUTIONS, LLC, with offices at 1011 Whitehead Road, Ewing, New Jersey 08638.

3. On or about October 15, 2020, infant plaintiff, JUSTIN DAVID AGUILAR, was working in a warehouse operated by MELISSA & DOUG, LLC and was a lawful invitee, at or about

the premises located at or about 1203 S River Rd Cranberry, NJ 08512 (hereafter "jobsite") and in the course of his employment with LYNEER STAFFING SOLUTIONS, LLC.

4. On or about that time and upon information and belief, Plaintiff was employed, permitted or suffered to work at the warehouse operated by Defendant MELISSA & DOUG, LLC when he was struck by a powered industrial truck.

5. On or about that time and upon information and belief, the infant plaintiff, JUSTIN DAVID AGUILAR, was under the age of sixteen.

6. Defendant, John Doe #1-10 were individuals responsible for oversight of the job at the site including coordination, supervision, and management of the job site.

7. Defendants, ABC Corporation #1-10 (fictitious) are heretofore unidentified business entities named herein to toll the applicable statute of limitation who were responsible for ensuring a safe place to work for persons such as plaintiff.

8. On or about that time and upon information and belief, while the infant plaintiff was at or about the job site, he was caused to sustain severe and permanent injuries, when, at the direction of Defendants, he was employed, permitted or suffered to work in, about, or in connection with the operation of a hoisting device. Pursuant to N.J.S.A. 34:15-10, plaintiff is entitled to an election of remedies in seeking compensation for his injuries that arose during the course of his employment. This Action is brought as an election by plaintiff, JUSTIN DAVID AGUILAR, an infant by his guardian ad litem, NORIBERTA CRUZ, to pursue a direct claim against Defendants, MELISSA & DOUG, LLC and LYNEER STAFFING SOLUTIONS, LLC for the serious injuries he sustained in the course of his employment and while under the age of eighteen on June 5, 2020.

9. Defendants, and each of them, were under a duty to supervise, direct and control the work site so as to prevent plaintiff and other workers from being subjected to dangerous and hazardous work conditions.

2

10. As a direct and proximate result of the negligence of the defendants as aforesaid, the infant-plaintiff, JUSTIN DAVID AGUILAR sustained severe and permanent injuries, fright and shock, great pain and mental anguish, was required to expend large sums of money for medical, doctor and hospital expenses in order to effect a cure of his injuries, was required to undergo medical attention and treatment, rendering him disabled and impaired, preventing him from engaging in his normal activities and pursuits and thereby incurring lost wages; which injuries will in the future cause him pain and suffering, will require medical attention and treatment and cause him future disability and impairment.

WHEREFORE, plaintiff demands judgment and damages against Defendants, MELISSA & DOUG, LLC and LYNEER STAFFING SOLUTIONS, LLC; JOHN DOE #1-10 (fictitious individuals responsible for oversight of the job at the site including coordination, supervision, and management of the job site); and ABC CORPORATION #1-10 (fictitious business entities named herein to toll the applicable statute of limitation who were companies responsible for the job site including ensuring a safe place to work for persons such as plaintiff all the defendants) jointly and severally, together with interest and costs of this action.

## SECOND COUNT

1. Plaintiffs repeat and reallege the allegations of the prior Counts as if set forth herein at length.

2. Defendants, MELISSA & DOUG, LLC and LYNEER STAFFING SOLUTIONS, LLC; JOHN DOE #1-10 (fictitious individuals); and ABC CORPORATION #1-10 (fictitious business entities), negligently, carelessly, recklessly and/or knowingly allowed the infant plaintiff, JUSTIN DAVID AGUILAR, to be employed, permitted or suffered to work in, about, or in connection with the operation of a hoisting device, in direct violation of N.J.S.A. 34:2-21.17, et seq., and are therefore absolutely liable to the plaintiff pursuant to the provisions of N.J.S.A. 34:2-21.17,

3

*et seq.*, Gabin v. Skyline Cabana Club, 54 N.J. 550 (1969), Variety Farms Inc. v. NJM, 172 N.J. Super. 10 (1980), N.J.A.C., 12:58-4.2, and otherwise.

3. As a direct and proximate result of the aforesaid negligence, carelessness, and recklessness of the defendants as aforesaid, the infant-plaintiff, JUSTIN DAVID AGUILAR sustained severe and permanent injuries, fright and shock, great pain and mental anguish, was required to expend large sums of money for medical, doctor and hospital expenses in order to effect a cure of his injuries, was required to undergo medical attention and treatment, rendering him disabled and impaired, preventing him from engaging in his normal activities and pursuits and thereby incurring lost wages; which injuries will in the future cause him pain and suffering, will require medical attention and treatment and cause him future disability and impairment.

WHEREFORE, plaintiff JUSTIN DAVID AGUILAR, an infant by his guardian ad litem, NORIBERTA CRUZ, demands judgment and damages against the defendants, jointly and severally, together with interest and costs of this action.

### THIRD COUNT

1. Plaintiffs repeat and reallege the allegations of the prior Counts as if set forth herein at length.

2. The defendants acted with recklessness, deliberate indifference, and willful and wanton disregard of N.J.S.A. 34:2-21.17, *et seq.*, N.J.A.C., 12:58-4.2, in allowing the infant plaintiff to perform construction work at the jobsite, and as such, engaged in recklessness and willful misconduct, all to the detriment and harm of the infant plaintiff.

3. As a proximate result of such deliberate indifference and willful and wanton misconduct and disregard, the infant plaintiff, JUSTIN DAVID AGUILAR, sustained severe and permanent injuries, fright and shock, great pain and mental anguish, was required to expend large sums of money for medical, doctor and hospital expenses in order to effect a cure of his injuries, was

4

required to undergo medical attention and treatment, rendering him disabled and impaired, preventing him from engaging in his normal activities and pursuits and thereby incurring lost wages; which injuries will in the future cause him pain and suffering, will require medical attention and treatment and cause him future disability and impairment.

WHEREFORE, plaintiff JUSTIN DAVID AGUILAR, an infant by his guardian ad litem, NORIBERTA CRUZ, demands judgment and damages against the defendants, jointly and severally, together with interest and costs of this action.

## FOURTH COUNT

1. Plaintiffs repeat and reallege the allegations of the prior Counts as if set forth herein at length.

2. The Plaintiff, NORIBERTA CRUZ, is the parent of the infant plaintiff, JUSTIN DAVID AGUILAR, and as such is entitled to the services, consortium, and more of said infant, and is responsible for the medical care and expenses incurred on behalf of such infant.

3. As a direct result of the injuries sustained by the infant plaintiff, the plaintiff, NORIBERTA CRUZ, has been, and will in the future be, deprived of such services for some time to come, and the plaintiffs have been compelled to, and did expend, and will in the future be required to expend, large sums of money necessarily required for medical attention and other services in an effort to cure said infant.

WHEREFORE, the plaintiff, NORIBERTA CRUZ, individually, demands judgment and damages against the Defendants for damages, interest and costs of this action.

## JURY DEMAND

Plaintiffs demand a trial by jury on all issues.

## CERTIFICATION OF COUNSEL

5

Pursuant to Rule 4:5-1, the undersigned hereby certifies that at the time of filing of this Complaint, the matter in controversy is not the subject of any other action pending in any Court and/or Arbitration proceeding.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, the firm of Ginarte Gallardo Gonzalez Winograd L.L.P. attorneys for JUSTIN DAVID AGUILAR, an infant by his guardian ad litem, NORIBERTA CRUZ, and NORIBERTA CRUZ, individually, hereby appoints Joseph A. Reardon III, Esq. as trial counsel.

## DISCOVERY DEMANDS

## DEMAND FOR INSURANCE INFORMATION

Pursuant to R. 4:10-2(b), plaintiff hereby demands production of a copy of any and all insurance agreements (primary and excess) under which defendants may be covered to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

## DEMAND FOR PRODUCTION OF DOCUMENTS PROPOUNDED UPON ALL DEFENDANTS

**PLEASE TAKE NOTICE** that pursuant to. R. 4:18-1, plaintiff demands the production for purposes of inspection and copying at the offices Ginarte Gallardo Gonzalez Winograd L.L.P. 400 Market Street, Newark, New Jersey 07105, within 30 days after service of the within pleadings, of the materials demanded below pertaining to allegations set forth in this Complaint.

**PLEASE TAKE NOTICE** that pursuant to. R. 4:18-1(a) the defendant is required to produce all materials called for in this demand that are currently in its "possession, custody or control." Under the circumstances, it is not acceptable for the defendant responding to this Demand for Production of Documents to indicate in a response "none at this time," "unknown at this time," or

6

"to be supplied" merely because the materials demanded are not in the possession of the defendant if the materials are otherwise in the defendant's control.

**PLEASE TAKE NOTICE** that pursuant to R. 4:18-1(b)(2) the person making the response is required to swear or certify in the form prescribed by paragraph R. 4:18-1(c) that the response provided to this Demand for Production of Documents "is complete and accurate based on personal knowledge." Alternatively, if any response to this Demand for Production of Documents is based on the personal knowledge of someone else, and/or upon information provided by others, the identity of the persons and the source of information must be identified.

\* \* \* \* \* \*

1. Written accident reports including but not limited to: any employee's report of accident, any employer's report of accident or injury, any and all incident reports, accident reports or other written memoranda describing the accident alleged in this lawsuit including those prepared and/or received by the owner, general contractor/construction manager/subcontractors on the site to include all records concerning the happening of the accident received from their job superintendent's reports, consulting engineers' reports, whether hired by the general contractor, construction manager, subcontractor and/or any other entity. This is to include any accident/incident reports received by the owner, general contractor and/or construction manager from other sources including subcontractors, administrative agencies, OSHA and other sources. This is further to include any written reports of the subject accident prepared in the ordinary course of business, operations or practices of the defendants and/or the defendants' servants, agents and/or employees; and any memo books and/or personal diaries maintained by the defendants' representatives at the job site which contain references to the accident or accident reports.

2. A copy of any document that set forth the safety policies and procedures the defendant expected workers/employees to follow on the site in effect on **October 15, 2020**.

3. A copy of any Health and Safety Plan in effect on the site on **October 15, 2020** whether generated by or provided to your company.

4. Copies of all safety manuals, safety memos and other safety material distributed to the employees and/or subcontractors and/or prepared by the defendants herein for use of their employees concerning safety on the site.

5. All written materials given to plaintiff's employer by the defendants on the site, prior to **October 15, 2020**, concerning safety procedures and/or safety inspection notices; citations; fines; warnings; etc., to be followed during construction operations.

7

6. Copies of all documents, correspondence, memorandums, etc., reflecting all background checks and/or investigation undertaken to determine the safety record and safety history of all contractors you hired.

7. Photos of scene: All photographs under the control of defendants, their agents, servants and/or employees, or received by the defendants, their agents, servants and employees from any other individual, entity, source and/or company, including all subcontractors and/or financial lending institutions showing the scene of the accident and taken within a six (6) month period prior to the happening of the accident and a thirty (30) day period subsequent to the happening of the accident.

8. All video tapes, surveillance films, movie films, photographs and/or any other type of photographic or video reproduction of the plaintiff taken by the defendants, their agents, servants, representatives and/or employees and/or third-party defendant. The demand for videotape and/or surveillance films includes demand for all out-takes, video and photographic logs, unedited tapes and the name and address of the videographer and/or photographer along with the dates said surveillance films and/or photographs were taken.

9. The entire contract between **MELISSA & DOUG, LLC**, and **LYNEER STAFFING SOLUTIONS, LLC**.

10. Timekeeper's records for the day of the accident.

11. Copies of all accident reports prepared by or received by the defendants herein from the plaintiff, plaintiff's employer or any other source concerning the happening of the plaintiff's accident herein.

12. Copies of any medical records concerning the plaintiff for medical treatment rendered to him on behalf of the owner, contractor, engineer or other party on or off the construction site at the request of the owner, general contractor, construction manager, prime contractor or any defendant herein, including full and complete copies of the office records, nurse's records and any other reports received by them for services rendered.

13. Any and all OSHA correspondence received by the defendants/parties concerning the instrumentality and/or location of the accident herein for a sixty (60) day period prior to and including the date of the accident, including OSHA inspections, Notice of Violations, Notice of Negotiation and resolution letters received from OSHA.

14. Any written complaints received by any party on the job site concerning the location of the accident herein and/or the instrumentality involved in the plaintiff's accident for a sixty (60) day period prior to and including the date of the accident.

15. Any and all OSHA 300 Injury logs (a) maintained by the defendant or (b) submitted by subcontractors who worked at the site to the defendant.

16. Any and all documents in the personnel file of JUSTIN DAVID AGUILAR.

8

17. Any and all documents considered by the defendant when making a decision to hire JUSTIN DAVID AGUILAR.

18. Any and all documents relied upon by the defendant to ascertain whether JUSTIN DAVID AGUILAR was old enough to work.

PLEASE TAKE NOTICE, that the foregoing are continuing demands and that if any of the above items are obtained after the date of this demand, they are to be furnished to the undersigned pursuant to this demand. The undersigned will object at the trial of this matter to the testimony or introduction of any items sought herein which is not timely provided.

## DEMAND FOR ANSWERS TO FORM C AND C(2) UNIFORM INTERROGATORIES AND SUPPLEMENTAL INTERROGATORIES PROPOUNDED UPON ALL DEFENDANTS

PLEASE TAKE NOTICE, that pursuant to R.4:17-1(b)(ii) plaintiff demands certified answers to Form C and C(2) of the Uniform Interrogatories set forth in the Appendix to the Rules Governing Civil Practice and the following supplemental interrogatories:

1. State the names and addresses of all employees of the defendants who were present on the site on **October 15, 2020** in the area where the plaintiff's accident occurred including the names of all workers on the jobsite who were employed by staffing agencies.

2. State the name and address of the defendants' designated Site Safety Person/Site Safety Officer or individual most in charge of safety working on the site prior to, including, and after **October 15, 2020** giving the range of dates that each individual performed his/her duties on the site.

3. Describe everything you did to investigate the background of the infant plaintiff before you hired him and attach all documents you generated and/or reviewed in conjunction with that process.

4. State the name and address of the individual responsible for overseeing the infant plaintiff's work at the jobsite on **October 15, 2020**.

9

5. Describe what the defendant did, if anything, to investigate the **October 15, 2020** accident involving the infant plaintiff.

6. Identify by title, author and citation all literature your experts (a) relied on in the formation of the opinions expressed in their expert reports and/or (b) intend to rely on at the time of trial and attach copies of any of these materials in your or their possession.

7. Identify any company that you contracted with who performed safety inspections on the jobsite prior to **October 15, 2020**.

8. Identify all individuals and companies working on the jobsite on **October 15, 2020** who your company believed had responsibility for making sure work was performed in accord with OSHA Safety regulations.

GINARTE GALLARDO GONZALEZ
WINOGRAD L.L.P.
Attorneys for Plaintiff

/s/ *Joseph A. Reardon*

DATE: June 16, 2021          BY: _____
                              JOSEPH A. REARDON III, ESQ.

10

# Civil Case Information Statement

**Case Details: MIDDLESEX | Civil Part Docket# L-003595-21**

Case Caption: DAVID AGUILAR JUSTIN VS MELISSA & DOUG, LLC
Case Initiation Date: 06/16/2021
Attorney Name: JOSEPH A REARDON III
Firm Name: GINARTE GALLARDO GONZALEZ WINOGRAD, LLP
Address: 400 MARKET ST
NEWARK NJ 07105
Phone: 9738548400
Name of Party: PLAINTIFF : David Aguilar, Justin
Name of Defendant's Primary Insurance Company (if known): Unknown

Case Type: PERSONAL INJURY
Document Type: Complaint with Jury Demand
Jury Demand: YES - 6 JURORS
Is this a professional malpractice case? NO
Related cases pending: NO
If yes, list docket numbers:
Do you anticipate adding any parties (arising out of same transaction or occurrence)? NO

Are sexual abuse claims alleged by: Justin David Aguilar? NO

Are sexual abuse claims alleged by: Noriberta Cruz? NO

Are sexual abuse claims alleged by: Noriberta Cruz? NO

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

Do parties have a current, past, or recurrent relationship? NO
If yes, is that relationship:
Does the statute governing this case provide for payment of fees by the losing party? NO
Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:
SPANISH INTERPRETER

Do you or your client need any disability accommodations? NO
If yes, please identify the requested accommodation:

Will an Interpreter be needed? YES
If yes, for what language:
SPANISH,SPANISH,SPANISH

Please check off each applicable category: Putative Class Action? NO Title 59? NO Consumer Fraud? NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

06/16/2021
Dated

/s/ JOSEPH A REARDON III
Signed